BAUMAN LAW, APLC
Athanasios O. Simoudis, Esq. (SBN 314930)
6800 Owensmouth Ave., Suite 410
Canoga Park, CA 91303
Tel: (818) 285-0222
Fax: (818) 285-0224

Attorneys for Plaintiff Kade Ezra Bass, by and through his guardian ad litem, Justin Aaron Bass

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADE EZRA BASS, a minor, by and through his Guardian ad Litem, JUSTIN AARON BASS<br><br>Plaintiff,<br><br>vs.<br><br>MELIA HOTELS INTERNATIONAL, S.A. and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-5198<br><br>**COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES**<br><br>**Jury Trial Demanded** |

**COMES NOW** the Plaintiff Kade Ezra Bass, a minor, by and through his Guardian ad Litem Justin Aaron Bass and their attorney Athanasios O. Simoudis, Esq. for their causes of action against the Defendant, herein state and allege as follows:

///

## JURISDICTION AND VENUE

1.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) and the Plaintiff seeks damages in excess of $75,000.00.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (c).

## THE PARTIES

3.    Plaintiff Kade Ezra Bass resides in Los Angeles County, California. Plaintiff Kade Ezra Bass was and is a natural person.

4.    At all times herein relevant, defendant Melia Hotels International, S.A. ("Melia") is a Spanish corporation doing business internationally and was at all times the owner of the Paradisus Palma Real Golf & Spa Resort located at Playa de Bávaro, Av. Alemanio, Punta Cana 23000, Dominican Republic where the Plaintiff sustained the injuries that have given rise to this complaint.

5.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of these fictitiously named Defendants when such true names and capacities become known to Plaintiff. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below. (Melia and DOES 1 through 100, inclusive, are referred to collectively herein as "Defendants.")

6.    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, and/or joint venturer, of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the Defendants acted within the scope of their relationship and with the permission, consent, and ratification, of each of the other Defendants named herein.

7.     Plaintiffs is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that the Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants, and that these Defendants acted in all respects as the employers or joint employers of Plaintiff.

## STATEMENT OF FACTS

8.     Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 7, as though fully set forth with the same force and effect.

9.     On 06/26/2017 while lawfully on Defendant's property located at Paradisus Palma Real Golf & Spa Resort located at Playa de Bávaro, Av. Alemanio, Punta Cana 23000, Dominican Republic, Plaintiff tripped, fell and suffered serious injury. More specifically, Plaintiff tripped on an uneven area of the pool floor that was slightly elevated from the rest of the flooring.

10.     At all relevant times herein, Defendant occupied controlled the property that Defendant operated as a business under the name, Paradisus Palma Real Golf & Spa Resort located at Playa de Bávaro, Av. Alemanio, Punta Cana 23000, Dominican Republic. At all relevant times, Defendant held the property open to the paying guest residents. The property is a resort hotel with its amenities open to guests of the property. At the time of the incident, Plaintiff was a paid/paying guest of the property and the Defendant expressly invited Plaintiff to enter the business. At the time of the incident, Plaintiff was walking on the floor in a normal and foreseeable manner.

11.     At all relevant times, defendant knew or should have known the area where Plaintiff fell was slightly elevated from the rest of the flooring. At all relevant times, Defendant failed to fix the uneven surface of the pool flooring where Plaintiff

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES

1   fell. At all relevant items, Defendant failed to warn Plaintiff of the floor's condition
2   and failed to otherwise make the condition safe.

3      12.    The impact from the fall caused Plaintiff to suffer, serious injuries.

4      13.    Plaintiff's fall and resultant injuries were solely, directly, and
5   proximately caused by the above-described acts and omissions of the Defendants.

6      **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

7      (General Negligence)

8      14.    Plaintiff refers to and incorporates by reference the allegations
9   contained in paragraphs 1 through 13, as though fully set forth herein with the same
10   force and effect.

11      15.    At all times mentioned herein, Defendants had a duty to act in a
12   reasonable and prudent manner and with ordinary care in maintaining the floor in a
13   way that would not cause injury to others including Plaintiff.

14      16.    Just prior to and at the time of Plaintiff's trip-and-fall, Defendants,
15   acting with full knowledge, breached the duty of care they owed to Plaintiff in each
16   of the following non-exclusive respects:

17      (a) failing to timely and adequately inspect the premises for such unsafe
18      conditions;

19      (b) failing to detect such inherently unsafe conditions;

20      (c) failing to keep the premises free of unsafe conditions;

21      (d) failing to maintain the premises in a manner that would prevent such
22      unsafe conditions from being present;

23      (e) failing to warn Plaintiff of such unsafe conditions;

24      (f) failing to have a competent person, one capable of identifying existing
25      and predictable hazards of the store's walkways, with authority to take
26      prompt corrective measure to eliminate the dangers;

27      (g) by failing to have a competent person inspect the floor for dangerous
28      conditions or defects;

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES

1      (h) by failing to protect Plaintiff for injury by use of slip-resistant materials
2      on the surface of the floor;

3      (i) failing to timely remedy such unsafe conditions; and

4      (j) in other manners to be proved at the trial of this case.

5      17. Just prior to and at the time of Plaintiff's trip-and-fall, Defendant knew,
6  or in the exercise of reasonable care should have known, that the above-described
7  negligence, carelessness, recklessness, and/or unlawfulness carried a risk that
8  others, including Plaintiff could be injured.
9  As a direct and proximate result of the above-described negligence, carelessness,
10 recklessness, and/or unlawfulness, Defendants caused Plaintiff to use an uneven
11 surface of the floor and caused bodily injuries to Plaintiff.

12     18.  As a direct and proximate result of Plaintiff's trip-and-fall that was
13 caused by Defendants negligence, carelessness, recklessness, and/or unlawfulness,
14 Plaintiff was injured in her heath, strength, activity, sustaining injury to her body
15 and shock and injury to her nervous system and person, all of which injuries have
16 caused an continue to cause, Plaintiff great mental, physical, nervous pain and
17 suffering, loss of enjoyment of life, physical restrictions and limitations, anxiety,
18 annoyance, and inconvenience, all to his general damage and detriment.

19     19. As a further direct and proximate result of Plaintiff's trip and fall that
20 was caused by Defendants' negligence, carelessness, recklessness and/or
21 unlawfulness, Plaintiff has been required to expend sums of money and incur
22 obligations, and may continue to expend money and incur obligations, for medical
23 services, x-rays, drugs, and sundries reasonably required in the treatments and relief
24 of the injuries herein alleged. The medical expenses are not fully known at this
25 time, and leave of court is hereby requested to amend the Complaint to conform to
26 proof at the time of trial.

27     20. As a further a direct and proximate result of Plaintiff's trip-and-fall that
28 was caused by Defendants' negligence, carelessness, recklessness, and/or

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES

unlawfulness, Plaintiff has already incurred, and in all likelihood, will in the future incur substantial loss of income, earning capacity, and career opportunities the value of which are not fully known at this time, and leave of court is hereby requested to amend this Complaint to conform to proof at the time of trial.

21. Plaintiff's trip-and-fall and his resulting general and special damages were solely, directly, and proximately caused by the above-described acts and omissions of Defendants.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

(Premises Liability)

22. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 21, as though fully set forth herein with the same force and effect.

23. Defendants, and each of them, either directly or by and through their agents, employees, and/or servants, acting within that capacity and with the full knowledge, permission, consent, and/or authorization of the employer and/or principal, owned, occupied and/or controlled the premises, including the grocery store, its walkways and the uneven floor where Plaintiff fell.

24. Defendants, and each of them, either directly or by and through their agents, employees, and/or servants, acting within that capacity and with the full knowledge, permission, consent, and/or authorization of the employer and/or principal, were negligent in their use and maintenance of the premises in that they had a duty to inspect, maintain, and use the facility, its walkways and the uneven surface floor where Plaintiff fell in a manner that would prevent Plaintiff from being injured by an unsafe condition.

25. Defendants, and each of them, failed to prevent plaintiff from begin injured by unsafe conditions that included, but were not limited to: an uneven area of the floor. With respect to those unsafe conditions of the premises, Defendants breached their duty of care in the following non-exclusive respects:

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES

(a) failing to timely and adequately inspect the premises for such unsafe conditions;

(b) failing to detect such inherently unsafe conditions;

(c) failing to keep the premises free of unsafe conditions;

(d) failing to maintain the premises in a manner that would prevent such unsafe conditions from being present;

(e) failing to warn Plaintiff of such unsafe conditions;

(f) failing to have a competent person, one capable of identifying existing and predictable hazards on the resort's walkways, with authority to take prompt corrective measures to eliminate the dangers;

(g) by failing to have a competent person inspect the floor for dangerous conditions or defects;

(h) by failing to protect Plaintiff from injury by making sure there were no uneven surfaces on the pool floor;

(i) failing to timely remedy such unsafe conditions; and

(j) in other manners to be proved at the trial of this case.

26. The dangerous condition of the uneven area of the floor was known to Defendants who failed to properly clean and/or dry the uneven floor area where patrons, such as the Plaintiff, would walk. Further, the dangerous conditions of the uneven area of the floor had existed for a long enough period of time that Defendants, and each of them, either knew or should have known that the uneven area of the floor was dangerous for others. Like Plaintiff, who would be forced to walk on that area of the floor while a patron of the facility.

27. Defendants, and each of them, knew or should have known that the conditions of the uneven area of the floor posed a danger that would not obvious to, or reasonably anticipated by, persons using the facility's walkways, including Plaintiff.

28. Despite having actual and/or constructive knowledge of the dangerous

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES

1  conditions on the premises herein described, Defendants, and each of them, either
2  directly or by and through their agents, employees, and/or servants, acting within
3  that capacity and with the full knowledge, permission, consent, and/or authorization
4  of the employer and/or principal, failed to prevent said dangerous conditions from
5  injuring Plaintiff.

6       29. Plaintiff's trip-and-fall was directly and proximately caused by the
7  above-described acts and omissions of Defendants, and each of them, either directly
8  or by and through their agents, employees, and/or servants, acting within that
9  capacity and with the full knowledge, permission, consent, and/or authorization of
10  the employer and/or principal.

11      30. As a direct and proximate result of the Plaintiff's trip-and-fall that was
12  caused by the above-described acts of Defendants, Plaintiff was injured in his
13  health, strength, and activity, sustain injury to her body and shock and injury to her
14  nervous system and person, all of which injuries have caused, and continue to
15  cause, Plaintiff great mental, psychical, nervous pain and suffering, loss of
16  enjoyment of life, physical restrictions and limitations, anxiety, annoyance, and
17  inconvenience, all to his general damage and detriment.

18      31. As a further direct and proximate result of Plaintiff's slip-and-fall that
19  was caused by the above-described acts of Defendants, Plaintiff has been required
20  to expend sums of money and incur obligations, and may continue to expend money
21  and incur obligations, for medical services, x-rays, drugs, and sundries reasonably
22  required in the treatment and relief of the injurie herein alleged. The medical
23  expenses are not fully known at this time, and leave of court is hereby requested to
24  maned this Complaint to conform to proof at the time of trial.

25      32. As further a direct and proximate result of Plaintiff's trip-and-fall that
26  was caused by the above-described acts of Defendants, Plaintiff has already
27  incurred, and in all likelihood, will in the future incur, substantial loss of income,
28  earning capacity and career opportunities, the value of which are not fully known

1    at this time, and leave of court is hereby requested to amend this Complaint to
2    conform to proof at the time of trial.

3                              **PRAYER FOR DAMAGES**

4           WHEREFORE, the Plaintiff prays for damages against the Defendants, and
5    each of them, as follows:

6    FIRST CAUSE OF ACTION

7           1. For General Damages in a sum to be ascertained at the time of trial;

8           2. For medical and health care expenses in a sum to be ascertained at the time
9    of trial;

10          3. For future medical and health care expenses in a sum to be ascertained at
11   the time of trial;

12          4. For all incidental expenses in a sum to be ascertained at the time of trial;

13          5. For all loss of earnings;

14          6. For all future loss of earnings;

15          7. For all travel and accommodation costs;

16          8. For costs of suit incurred herein; and

17          9. For such other and further relief as this Court may deem just and proper.

18   SECOND CAUSE OF ACTION:

19          1. For General Damages in a sum to be ascertained at the time of trial;

20          2. For medical and health care expenses in a sum to be ascertained at the time
21   of trial;

22          3. For future medical and health care expenses in a sum to be ascertained at
23   the time of trial;

24          4. For all incidental expenses in a sum to be ascertained at the time of trial;

25          5. For all loss of earnings;

26          6. For all future loss of earnings;

27          7. For all travel and accommodation costs;

28          8. For costs of suit incurred herein; and

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES

1    9. For such other and further relief as this Court may deem just and proper.

2

3    DATED:  July 14, 2017                    BAUMAN LAW

4

5                                    BY:   /s/Athanasios O. Simoudis
6                                          Athanasios O. Simoudis
                                           Attorneys for Plaintiff KADE EZRA
7                                          BASS, a minor, by and through his
                                           Guardian ad Litem, JUSTIN AARON
8                                          BASS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES

1
2
3
4
## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial.

5
6
7   DATED:  July 14, 2017                          BAUMAN LAW
8
9                                        BY: /s/Athanasios O. Simoudis
10                                           Athanasios O. Simoudis
                                             Attorneys for Plaintiff KADE EZRA
11                                           BASS, a minor, by and through his
                                             Guardian ad Litem, JUSTIN AARON
12                                           BASS
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES